## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWIN RODRIGUEZ | : CONSOLIDATED |
| | : CIVIL NO. 3:01CV 592 (MRK) (lead) |
| V. | : |
| | : |
| THE CITY OF NEW HAVEN, ET AL | : |
| | |
| STEPHEN COPPOLA | : CIVIL NO. 3:01CV 813 (MRK) (member) |
| | : |
| V. | : |
| | : |
| MELVIN WEARING, ET AL | : MARCH 24, 2004 |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST THE DEFENDANTS FOR THEIR FAILURE TO RESPOND TO DISCOVERY REQUESTS

To: The defendants City of New Haven, Melving Wearing and Keith Wortz through their attorney of record, Jonathan Beamon, City of New Haven Corporation Counsel, 165 Church Street, New Haven, CT, 06510, (203) 946-7958, fax (203) 946-7942.

The plaintiff asks the court for sanctions against the defendants, City of New Haven, Melvin Wearing, and Keith Wortz for their failure to file responses and make disclosures to the plaintiff's interrogatories and requests for production dated February 14, 2002.

## A. INTRODUCTION

1.      On September 23, 2003 this Court ordered the defendants, City of New Haven, Melvin Wearing and Keith Wortz, to comply with the plaintiff, Stephen Coppola's discovery requests, dated February 14, 2002, no later than October 30, 2003.

2.      On or about November 1, 2003, the undersigned counsel for the plaintiff received one set of responses to discovery requests purportedly from the three defendants.  The signature on the certification page was that of Jonathan Beamon, counsel for the three above-named defendants.

3.      On January 6, 2004, the undersigned counsel for the plaintiff, Stephen Coppola, contacted counsel for the defendants, City of New Haven, Melvin Wearing and Keith Wortz (attached as Exhibit A) to address the problems with the defendants' discovery responses.  On or about January 20, 2004, counsel for the defendants provided responses and a certification page signed by the defendant, Melvin Wearing, and responses and a certification page signed by Attorney Jonathan Beamon on behalf of the defendant, City of New Haven.  However, the defendant, Keith Wortz, did not respond to any discovery requests.

4.      On or about February 24, 2004, the undersigned counsel for the plaintiff, Stephen Coppola, contacted counsel for the defendants, City of New Haven, Melvin Wearing and Keith Wortz (attached as Exhibit B) to obtain undisclosed documents and

tapes that were identified as relevant in the defendant, City of New Haven's responses as well as the outstanding responses by the defendant, Keith Wortz.

5. On or about March 3 2004, the Clerk of the Court issued a Order that discovery should be commenced in accordance with a Rule 26(f) Report submitted by the parties. The submitted Rule 26(f) Report asks that discovery be completed by May 2, 2004.

6. As of March 24, 2004, Attorney R. E. Phillips, counsel for the plaintiff, has not received requested documents and tapes from the defendants, City of New Haven or Melvin Wearing and the plaintiff has not received any responses to interrogatories or production requests from the defendant, Keith Wortz.

## B. ARGUMENT

7. The court should grant the plaintiff's motion for sanctions for the following reasons:

> a. The defendant, Keith Wortz, has not responded to interrogatories, dated February 14, 2002, that are within the scope of discovery permitted by Rule 26(b). Kidwilder v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D. W. Va. 2000); Techsearch Services, Inc. v. Gorman, 1999 WL 33024 (S.D.N.Y. Jan. 21, 1999). The information responsive to these interrogatories is necessary to this

litigation because it, in part, establishes the facts alleged by the plaintiff as well as the contentions of the defendants.

b. The defendant City of New Haven did not produce documents it identified as relevant to the case; the investigative file in the defendant's possession, taped witness statements of, *inter alia*, defendant Melvin Wearing, and the identities and statements by witnesses or admissions by parties. Fed. R. Civ. P. 37(a)(2)(B); R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 17-19 (1st Cir. 1991). The requests are within the scope of discovery permitted by Rule 26(b). Kidwilder v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D. W. Va. 2000); Techsearch Services, Inc. v. Gorman, 1999 WL 33024 (S.D.N.Y. Jan. 21, 1999). The information responsive to these requests is necessary to this litigation because it establishes:

1. the factual bases for any defenses asserted by the defendants;
2. the level of culpability of each defendant;
3. prior treatment of similarly situated individuals; and
4. municipal liability for the acts of its officers, agents, and/or employees.

8.      The plaintiff, Stephen Coppola, asks that this Court impose sanctions against the defendants, City of New Haven, Melvin Wearing and Keith Wortz for their failure to comply with the discovery requests pursuant to Fed. R. Civ. P. 37(a)(4)(A) as well as the orders of this Court.  The plaintiff asks the court to award costs and attorney fees in the amount of $750.00 for preparing this motion for sanctions and to enter a Judgment of Default against the defendants, City of New Haven, Melvin Wearing and Keith Wortz.

8.      The sanctions requested should correct the wrongs of the defendant.

## C. Conclusion

9.      Because the plaintiff's requests are proper and because the defendants refused to comply with the rules of civil procedure as well as a direct order by this Court, a Judgment of Default should be entered against the defendants and award the plaintiff sanctions associated with the costs of these motions.

                                THE PLAINTIFF
                                STEPHEN COPPOLA


                        By: _____
                                R. Edward Phillips, Esquire
                                One Union Plaza, Second Floor
                                New London, CT  06320
                                (860) 444-0437
                                # CT20999

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed or electronically delivered on March 24, 2004 to:

Jonathan Beamon, Esquire
Office of the Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510

Rene Gerard Martineau, Esquire
Del Sole & Del Sole, LLP
46 South Whittlesey Avenue
P.O. Box 310
Wallingford, CT 06492

Paul A. Morello, Esquire
154 West Street
Cromwell, CT 06416

Rosemaire Paine, Esqurie
350 Orange Street
P.O. Box 606
New Haven, CT 06503

                                          R. Edward Phillips, Esquire