FILED
Apr 15  1 :40 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWIN RODRIGUEZ<br>    Plaintiff | : |
| VS. | : |
| THE CITY OF NEW HAVEN, AND IN<br>THEIR INDIVIDUAL AND OFFICIAL<br>CAPACITIES, MAYOR JOHN<br>DESTEFANO, CHIEF OF POLICE<br>MELVIN H. WEARING, CORPORATION<br>COUNSEL THAYER BALDWIN, CHIEF<br>ADMINISTRATIVE OFFICER, JAMES<br>HORAN, CAPTAIN BRYAN D.<br>KEARNEY, LIEUTENANT JOHN<br>MINARDI, PATROL OFFICER KEITH<br>WORTZ<br>    Defendant | : |
| STEPHEN G. COPPOLA<br>    Plaintiff | : CONSOLIDATED<br>: DOCKET NO. 3:01CV592(MRK)(LEAD)<br>: DOCKET NO. 3:01CV813(MRK)(MEMBER) |
| VS. | : |
| MELVIN WEARING, BRYAN KEARNEY,<br>JOHN MINARDI AND KEITH WORTZ<br>AND THE CITY OF NEW HAVEN | : APRIL 14, 2004 |

**MOTION BY CONSENT OF ALL PARTIES FOR**
**MODIFICATION OF SCHEDULING ORDERS**

Pursuant to Local Rule 9(b), as amended; and this Honorable Court's inherent authority to modify its' scheduling

orders; the undersigned party hereby moves the Honorable Mark R. Kravitz, U.S.D.J. modify his scheduling orders issued on September 23, 2003 as follows:

1. Plaintiffs to file damage analysis and disclosures of experts by May 28, 2004;

2. Parties to complete depositions of fact witnesses and plaintiffs' experts; conduct any independent medical/psychiatric examinations; and file any written discovery and admissions by July 2, 2004;

3. Defendant to disclose any experts and file any dispositive motions by August 2, 2004;

4. Plaintiffs to conduct any depositions of defendants' experts and file opposition memorandum as well as the parties to file any motions directed at the sufficiency or admissibility of expert opinions and/or other pretrial motions by September 3, 2004;

5. If dispositive motions and/or other pretrial motions are not pending and/or have been decided; the cases will be trial ready for October 1, 2004.

All parties join in on and move for this modification/enlargement of the scheduling orders and represent that good cause exist for this request; that manifest injustice will result to the parties to this action if the modification is not granted; and that the modification will narrow the issues and increase the likelihood of either resolving the litigation or shortening the length and complexity of the trial if settlement does not occur.

The parties represent that the parties to this litigation were essential witnesses in a Connecticut Superior Court criminal trial entitled <u>State of Connecticut vs. Bryan Sullivan</u> that resulted in an acquittal of the defendant, Bryan Sullivan recently. Such testimony is of critical importance and relevant to the issues in controversy in this matter. The outcome of that criminal trial was integral to the determination of issues of liability and damages in this case. The co-defendant, City of New Haven has requested the transcript of those proceedings and is providing such to all parties pursuant to its discovery obligations. The last

DEL SOLE & DEL SOLE, LLP • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500

transcript of that trial will be provided by the Court Reporter on or about May 12, 2004. She was requested to expedite the preparation and delivery of such transcript and this is the date she has apprised the parties that she believes such can be finalized. In addition, the New Haven Corporate Counsel's office has obtained and is providing to all parties a complete copy of the extensive internal affairs investigation file relative to this matter. The New Haven Police Department had been reluctant to release the entire file until assurances were made that no confidentiality or privacy rights would be violated. The investigation file will be provided to all parties within the next several weeks.

The defendant Keith Wortz was represented by the Corporation Counsel for the City of New Haven who is also representing the defendants City of New Haven and former Chief of Police Melvin Wearing. Due to a pending action by Keith Wortz directed at the former Chief of Police Melvin Wearing in which the New Haven Corporation Counsel is also defending; a conflict of interest existed. Due to confusion over which new

counsel would assume the defense of this individual there has been a delay in obtaining conflict counsel. However, in an effort to minimize any further delays in the prosecution and defense of this case; the undersigned law firm after exploring and ensuring that no potential conflict issues would arise has filed an appearance for Keith Wortz. The proposed orders would allow this firm an opportunity to properly prepare for and defend Keith Wortz's interests in this matter.

The allowing of additional discovery as well as the filing of dispositive motions would allow the parties to determine if all present parties should remain in this action. The undersigned defendants believe they are not proper parties to this action and that upon the conducting of depositions of the plaintiffs Stephen Coppola and Edwin Rodriguez as well as themselves, that withdrawals may be filed against them or motions for summary judgment will be filed seeking their dismissal in this case. The remaining parties to this action also believe a modification of the discovery orders and dispositive motions deadline will assist their cause in that

all necessary information will be ascertained to allow meaningful evaluations and preparations of their respective causes.

The parties apprise this Court that while the failure to abide by the Court's prior orders was inexcusable, there was some confusion created by the Clerk's office in forwarding a notice to counsel in the <u>Coppola v Wearing</u> case bearing case number 3:01CV813MRK dated on January 27, 2004. Such order led the parties in a mistaken belief that additional time was being granted for the completion of discovery and the filing of dispositive motions which caused the parties to not pursue discovery but await the scheduled telephonic status conference before The Honorable Mark R. Kravitz, U.S.D.J. on March 25, 2004.

The parties join in on this motion and further represent that if the Court grants the motion and enlarges the orders to either those proposed or those that are deemed appropriate by the Court, that those orders will be zealously followed. The parties represent that the issuance of new orders enlarging the

time frame will allow the parties to be in a position to be able to meaningfully evaluate this claim in order to determine if resolution is possible and/or be prepared for a trial in necessary.

WHEREFORE all of the aforesaid reasons all parties join in and request this Honorable Court modify the orders that have already expired and amend the orders to include the new proposed dates.

>
> RESPECTFULLY SUBMITTED ON BEHALF OF
> THE DEFENDANTS,
> JOHN MINARDI & BRIAN KEARNEY
>
> BY_____
>   RENE GERARD MARTINEAU
>   DEL SOLE & DEL SOLE, L.L.P.
>   46 SOUTH WHITTLESEY AVENUE
>   WALLINGFORD, CT 06492
>   (203) 284-8000
>   FEDERAL BAR NO. ct07680

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed postage prepaid on this date to the following:

courtesy copy to:
The Honorable Mark R. Kravitz, U.S.D.J.
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

Jonathan H. Beamon, Assistant Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510

Paul A. Morello
Donovan & Morello
154 West Street, Building 3
Cromwell, CT 06416-2446

Rosemarie Paine
Jacobs, Grudberg, Belt & Dow
350 Orange Street
P.O. Box 606
New Haven, CT 06503-0606

R. Edward Phillips
Law Office of Warren Miller
One Union Plaza, 2nd Floor
P.O. Box 116
New London, CT 06320

_____
Rene Gerard Martineau