# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **EDWIN RODRIGUEZ** | : | **CONSOLIDATED** |
|     Plaintiff, | : | |
| | : | |
| V. | : | **CIVIL NO. 3:01 CV 592 (MRK)** |
| | : | |
| **CITY OF NEW HAVEN, ET AL** | : | |
|     Defendants. | : | **APRIL 30, 2004** |
| | | |
| **STEPHEN COPPOLA** | : | |
|     Plaintiff, | : | |
| | : | |
| V. | : | **CIVIL NO. 3:01 CV 813 (MRK)** |
| | : | |
| **MELVIN WEARING, ET AL** | : | |
|     Defendants. | : | **APRIL 30, 2004** |

## JOINT LOCAL 56(a)1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Rule 56(a)1 of the Local Rules of Civil Procedure, the defendants City of New Haven, Melvin Wearing, John DeStefano, Thayer Baldwin and James Horan hereby submit the following statement of material facts not in dispute in support of their joint motion for summary judgment:

1.   At all relevant times, the defendant Melvin Wearing was the Chief of the New Haven Department of Police Service ("NHDPS").  (Rodriguez Complaint, First Count ¶3.)

2. At all relevant times, the defendant Mayor John DeStefano was the Mayor of the City of New Haven. (Rodriguez Compl., First Count ¶2.)

3. At all relevant times, the defendant Thayer Baldwin was the Corporation Counsel of the City of New Haven. (Rodriguez Compl., First Count, ¶4.)

4. At all relevant times, the defendant James Horan was the Chief Administrative Officer of the City of New Haven. (Rodriguez Compl., First Count, ¶5.)

5. On or about November 6, 1996, Philip Cusick was found shot to death in North Haven, Connecticut. (Rodriguez Compl., First Count, ¶9 )

6. After Cusick's body was discovered in North Haven, the North Haven Police Department began an investigation. (Coppola Compl., Part B, ¶7.)

7. The New Haven Department of Police Service (NHDPS) also investigated the Cusick murder because information came to light that Cusick was shot in New Haven. Captain Brian Sullivan of the NHDPS assigned the plaintiff Stephen Coppola, a detective in the NHDPS, to assist in the Cusick investigation. (Coppola Compl., Part B., ¶9, Rodriguez Compl., First Count, ¶10.)

8. The plaintiff Edwin Rodriguez, another detective in the NHDPS, assisted the plaintiff Stephen Coppola in the Cusick investigation. (Rodriguez Compl., First Count, ¶11.)

9.  In February 1998, Coppola and Rodriguez developed evidence that led to the identification of a possible witness to the Cusick murder. (Coppola Compl, Part B., ¶10, Rodriguez Compl., First Count, ¶11.)

10. On February 27, 1998, Coppola took a taped statement from Reynaldo Martinez and Martinez examined photographs of potential suspects in the Cusick murder. (Coppola, Part B, ¶12, Rodriguez, First Count, ¶12.)

11. Chief Wearing had no knowledge that Coppola or Rodriguez took a statement from Reynaldo Martinez in February 1998. (Wearing Transcript, State v. Sullivan, Connecticut Superior Court, CR00-0496678, October 2, 2003, p.25, attached hereto as Exhibit D.)

12. In late February or early March of 1998, Coppola and Rodriguez stated that Captain Sullivan told them to cease the Cusick investigation per order of the Chief. (Coppola Transcript, State v. Sullivan, Connecticut Superior Court, CR00-0496678, September 15, 2003, p.107, attached hereto as Exhibit A; Rodriguez Transcript, State v. Sullivan, Connecticut Superior Court, CR00-0496678, September 24, 2003, p. 28, attached hereto as Exhibit C.)

13. Both Coppola and Rodriguez state that Sullivan did not specifically name the chief that had ordered them to stop the Cusick investigation. (Coppola Transcript,

State v. Sullivan, Connecticut Superior Court, CR00-0496678, September 16, 2003, p.130, attached hereto as Exhibit B; Exh. C, p.107)

14. Chief Wearing did not order Captain Sullivan to stop the NHDPS investigation into the Cusick case. (Exh. D, p.27-28.)

15. Chief Wearing did not order either Coppola or Rodriguez off of the Cusick investigation. (Exh. D, p. 30.)

16. Chief Wearing did not order either Coppola or Rodriguez to keep information from the North Haven Police Department or otherwise end any cooperation with that department.  (Exh. D, p. 28.)

17. Coppola and Rodriguez stated that there was nothing preventing them from going to Chief Wearing or Assistant Chief Douglas McDonald to inquire about Sullivan's order.  (Exh. B., p. 49-50, 73, Exh. C., pp. 59-60, 97.)

18. After Sullivan told him to cease the investigation, Coppola placed the photographs that he showed to Martinez in his desk rather than checking them into the NHDPS property room.  (Exh. B., p.26.)

19. Rodriguez knew that Coppola had left the photographs in Coppola's desk, even though Rodriguez knew that leaving the photographs in that desk instead of turning

them into the NHDPS property room was a violation of NHDPS policy.  (Exh. C., pp. 102, 104.)

20.   On or about March 7, 1998, Coppola and Rodriguez went to the State's Attorney's office in New Haven to express their concerns about Captain Sullivan's statement regarding the cessation of the Cusick investigation.  (Exh. A, pp. 88-89; Exh. C, pp. 69-70.)

21.   In 1999, Captain Sullivan spoke to Chief Wearing regarding the Cusick case.  Specifically, Captain Sullivan stated that there was movement on the Cusick case and that "we're working with North Haven."  (Exh. D, pp.23-24.)

22.   Chief Wearing ordered an internal investigation into the handling of the Cusick case in April 2000.  (Exh. D, pp. 51-52.)

23.   Coppola stated that the police union represented him during the Internal Affairs investigation.  (Exh. B, p. 132.)

24.   On or about January 15, 2001, Chief Wearing issued two official written reprimands to Coppola and Rodriguez for failing to file evidence properly, withholding evidence and failing to report Sullivan's possibly illegal order to cease the Cusick investigation to a superior officer.  (Exh. E and F.)

25. Coppola stated that he did not know that there was a NHDPS rule regarding the personal possession of evidence, but it was common sense that police officers are supposed to submit evidence to the property room. (Exh. B, pp. 28-29.)

26. Coppola knew that the NHDPS had a rule that stated employees of the department shall not withhold evidence of any kind. (Exh B., p. 29.)

27. Coppola admitted that he deliberately chose not to follow that rule regarding the withholding of evidence and that he lied to Internal Affairs when he said he forgot the photographs were in his desk. (Exh. B, p. 30.)

28. Coppola lied during the Internal Affairs investigation because he didn't like Internal Affairs. (Exh. B, p. 83.)

29. Coppola alleges in his complaint that he requested permission to apply for arrest and search warrants, but he testified under oath that he never requested permission to apply for arrest or search warrants. (Exh. B, pp. 79-80.)

30. Coppola also testified under oath that Martinez never told him where the gun used in the homicide was located, even though he alleges in his complaint that the location of the gun was in Martinez's statement. (Exh B., p. 81.)

31.     One of the reasons why Coppola did not share what he had found regarding the Cusick investigation with the North Haven Police Department is because he wanted credit in the event he solved the murder.  (Exh. B., pp. 124-125.)

        THE DEFENDANTS
        CITY OF NEW HAVEN, MELVIN WEARING,
        MAYOR JOHN DESTEFANO, THAYER
        BALDWIN AND JAMES HORAN


        BY: /S/ _____
        Jonathan H. Beamon
        Assistant Corporation Counsel
        165 Church Street
        New Haven, CT 06510
        Telephone (203) 946-7958
        Fed. Bar. No. ct22937
        E-mail: jbeamon@newhavenct.net

# **C E R T I F I C A T I O N**

       This is to certify that a copy of the foregoing was this day mailed/delivered to the following counsel of record:

| | |
|---|---|
| Stephen P. Del Sole, Esq.<br>Rene Gerard Martineau, Esq.<br>Del Sole & Del Sole, LLP<br>46 S. Whittlesey Ave.<br>Wallingford, CT  06492-0310 | Paul A. Morello, Jr., Esq.<br>Donovan & Morello<br>154 West Street, Building 3<br>Cromwell, CT  06416-2446 |
| Rosemarie Paine, Esq.<br>Jacobs, Grudberg, Belt & Dow<br>350 Orange Street<br>P.O. Box 606<br>New Haven, CT  06503-0606 | R. Edward Phillips, Esq.<br>Law Office of Warren Miller<br>One Union Plaza, Second Floor<br>P.O. Box 116<br>New London, CT  06320 |
| Thomas W. Ude, Jr., Esq.<br>Martin S. Echter, Esq.<br>Office of the Corporation Counsel<br>165 Church Street<br>New Haven, CT 06510 | |

_____
Jonathan H. Beamon