## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWIN RODRIGUEZ | : |
|     Plaintiff | : |
| | : |
| VS. | : |
| | : |
| THE CITY OF NEW HAVEN, AND IN | : |
| THEIR INDIVIDUAL AND OFFICIAL | : |
| CAPACITIES, MAYOR JOHN | : |
| DESTEFANO, CHIEF OF POLICE | : |
| MELVIN H. WEARING, CORPORATION | : |
| COUNSEL THAYER BALDWIN, CHIEF | : |
| ADMINISTRATIVE OFFICER, JAMES | : |
| HORAN, CAPTAIN BRYAN D. | : |
| KEARNEY, LIEUTENANT JOHN | : |
| MINARDI, PATROL OFFICER KEITH | : |
| WORTZ | : |
|     Defendant | : |
| | **:CONSOLIDATED** |
| STEPHEN G. COPPOLA | :DOCKET NO. 3:01CV592(MRK)(LEAD) |
|     Plaintiff | :DOCKET NO. 3:01CV813(MRK)(MEMBER) |
| | : |
| | : |
| VS. | : |
| | : |
| MELVIN WEARING, BRYAN KEARNEY, | : |
| JOHN MINARDI AND KEITH WORTZ | : |
| AND THE CITY OF NEW HAVEN | :    MAY 13, 2004 |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil

**ORAL ARGUMENT REQUESTED / TESTIMONY IS NOT REQUIRED**

Procedures and Local Rule 7 of Civil Procedure for the District of Connecticut; the undersigned defendants hereby move for Summary Judgment in their favor on the following grounds:

I.   There Exists Insufficient Factual Allegations and/or Support For The Plaintiffs' Claims of Constitutional Violations or Violations of 42 United States Code Section 1983, as amended; as directed at the undersigned defendants.

II.  There Exists Insufficient Factual Allegations and/or Support For The Plaintiffs' Claims of Intention Infliction of Emotional Distress Under This Court's Pendent Jurisdiction as directed at the undersigned defendants.

III. There Exists Insufficient Factual Allegations and/or Support For The Plaintiffs' Claims of Defamation Under This Court's Pendent Jurisdiction as directed at the undersigned defendants.

IV.  The Undersigned Defendants Who Either Were

Assigned Employment Duties or Required to

Participate in Such Employment Duties Enjoy

A Qualified Immunity Under The Facts As Alleged

In The Plaintiffs' Complaints.

The undersigned submits the following in support of this motion for summary judgment:

1.   An Affidavit from the defendant Bryan D. Kearney labeled Exhibit "A";

2.   An Affidavit from the defendant John Minardi labeled Exhibit "B";

3.   An Affidavit from the defendant Keith Wortz labeled Exhibit "C".

4.   This Honorable Court is requested to review Exhibits "A" through "L" of the co-defendants' Joint Motion for Summary Judgment dated April 30, 2004 which said Exhibits are hereby incorporated and made Exhibits "D" through "O" of this motion as though fully set forth and appended hereto.

5.   This Honorable Court is requested to review the plaintiff Edwin Rodriguez's original complaint dated April 12,

2001 and the plaintiff Stephen Coppola's Corrected Second

Amended Complaint dated February 19, 2003 which are contained

within this Honorable Court's files.

Also appended in support of the Motion for Summary

Judgment is the Local Rule 56(a)(1) Statement and Memorandum of

Law and Fact in Support of the Instant Motion.

WHEREFORE, all of the aforesaid reasons the Motion for

Summary Judgment should be granted.

RESPECTFULLY SUBMITTED ON BEHALF OF
THE DEFENDANTS,
BRYAN D. KEARNEY, JOHN MINARDI AND
KEITH WORTZ


BY_____
RENE GERARD MARTINEAU
DEL SOLE & DEL SOLE, L.L.P.
46 SOUTH WHITTLESEY AVENUE
WALLINGFORD, CT 06492
(203) 284-8000
FEDERAL BAR NO. ct07680

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed postage prepaid on this date to the following:

Jonathan H. Beamon
Office of the Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510

Paul A. Morello, Jr.
Donovan & Morello
154 West Street
Building 3
Cromwell, CT 06416-2446

Rosemarie Paine
Jacobs, Grudberg, Belt & Dow
350 Orange Street
P.O. Box 606
New Haven, CT 06503-0606

R. Edward Phillips
Miller & Phillips
One Union Plaza, 2nd Fl
P.O. Box 116
New London, CT 06320

_____
Rene Gerard Martineau

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

EDWIN RODRIGUEZ                          :
    Plaintiff                        :
                                     :
VS.                                      :
                                     :
THE CITY OF NEW HAVEN, AND IN :
THEIR INDIVIDUAL AND OFFICIAL :
CAPACITIES, MAYOR JOHN        :
DESTEFANO, CHIEF OF POLICE    :
MELVIN H. WEARING, CORPORATION:
COUNSEL THAYER BALDWIN, CHIEF :
ADMINISTRATIVE OFFICER, JAMES :
HORAN, CAPTAIN BRYAN D.       :
KEARNEY, LIEUTENANT JOHN      :
MINARDI, PATROL OFFICER KEITH :
WORTZ                         :
    Defendant              :
                           :**CONSOLIDATED**
STEPHEN G. COPPOLA           :DOCKET NO. 3:01CV592(MRK)(LEAD)
    Plaintiff            :DOCKET NO. 3:01CV813(MRK)(MEMBER)
                         :
                         :
VS.                          :
                         :
MELVIN WEARING, BRYAN KEARNEY,:
JOHN MINARDI AND KEITH WORTZ  :
AND THE CITY OF NEW HAVEN     :    MAY 13, 2004

**LOCAL RULE 56(A)(1) STATEMENT**

Pursuant to Rule 56(a)(1) of the Local Rules of Civil

Procedure for the District of Connecticut; the undersigned

defendants submit herewith their statement of each material fact as to which the defendants contend there is no genuine issue to be tried.

1.-31.    Statements One (1) through Thirty-One (31) contained in the co-defendants' Joint Local 56(a)(1) Statement of Material Facts Not In Dispute dated April 30, 2004 is hereby incorporated and made Statements One (1) through Thirty-One (31) of this Local Rule 56(a) 1 Statement as though fully set forth herein.

32.  At all relevant times, the defendant Bryan D. Kearney was a Captain with the City of New Haven Police Department (Paragraph four (4) of Kearney affidavit);

33.  At all relevant times, the defendant John Minardi was a Sergeant or subsequently Lieutenant with the City of New Haven Police Department (Paragraph Four (4) of Minardi affidavit);

34.  At all relevant times, the defendant Keith Wortz was a Patrol Officer with the City of New Haven Police Department (Paragraph Four (4) of Wortz affidavit);

35.  At all relevant times, Bryan D. Kearney and John Minardi were assigned to the Office of Internal Values & Ethics of the New Haven Police Department (Paragraph Five (5) of Kearney's and Minardi's affidavit respectively);

36.  At all relevant times, Bryan D. Kearney and John Minardi were assigned by New Haven Police Chief Melvin H. Wearing with the task of investigating how the New Haven Police Department handled information related to the homicide of Philip Cusick. (Paragraphs Five (5) of Kearney and Minardi affidavits respectively);

37.  During the course of that investigation; Keith Wortz was ordered to appear on May 9, 2000 and provide sworn testimony to the facts he knew surrounding the police investigation into the homicide of Philip Cusick (Paragraph Six (6) of Wortz Affidavit);

38.  John Minardi and Keith Wortz were compelled by subpoena to appear and give testimony under oath to a Grand Jury convened and investigating the police investigation into

the homicide of Philip Cusick (Paragraph six (6) of Minardi Affidavit and Paragraph Seven (7) of Wortz Affidavit);

39.    Bryan D. Kearney as Officer in charge of the Internal Value & Ethics Unit of the New Haven Police Department's investigation into the police investigation into the homicide of Philip Cusick authored and submitted the final report consisting of sixty-nine (69) pages entitled "New Haven Police Department Office of Internal Values & Ethics The Homicide of Philip Cusick Internal Investigation #034-00-I Final Report" dated January 4, 2001 which contained a three (3) page Statement of Facts. (Paragraphs Five (5) and Six (6) of Kearney Affidavit).

40.  At no relevant time, did Brian D. Kearney, John Minardi or Keith Wortz issue any reprimands to or take any other disciplinary affirmative actions against the plaintiffs related to the police investigation into the handling of Philip Cusick homicide.  (Paragraph Eight (8) of Wortz Affidavit ; Paragraph Seven (7) of Minardi Affidavit and Paragraph Seven (7) of Kearney Affidavit).

RESPECTFULLY SUBMITTED ON BEHALF OF
THE DEFENDANTS,
BRYAN D. KEARNEY, JOHN MINARDI AND
KEITH WORTZ


BY_____
   RENE GERARD MARTINEAU
   DEL SOLE & DEL SOLE, L.L.P.
   46 SOUTH WHITTLESEY AVENUE
   WALLINGFORD, CT 06492
   (203) 284-8000
   FEDERAL BAR NO. ct07680

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed postage prepaid on this date to the following:

Jonathan H. Beamon
Office of the Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510

Paul A. Morello, Jr.
Donovan & Morello
154 West Street
Building 3
Cromwell, CT 06416-2446

Rosemarie Paine
Jacobs, Grudberg, Belt & Dow
350 Orange Street
P.O. Box 606
New Haven, CT 06503-0606

R. Edward Phillips
Miller & Phillips
One Union Plaza, 2nd
P.O. Box 116
New London, CT 06320

_____
Rene Gerard Martineau

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWIN RODRIGUEZ | : |
|     Plaintiff | : |
| | : |
| VS. | : |
| | : |
| THE CITY OF NEW HAVEN, AND IN | : |
| THEIR INDIVIDUAL AND OFFICIAL | : |
| CAPACITIES, MAYOR JOHN | : |
| DESTEFANO, CHIEF OF POLICE | : |
| MELVIN H. WEARING, CORPORATION | : |
| COUNSEL THAYER BALDWIN, CHIEF | : |
| ADMINISTRATIVE OFFICER, JAMES | : |
| HORAN, CAPTAIN BRYAN D. | : |
| KEARNEY, LIEUTENANT JOHN | : |
| MINARDI, PATROL OFFICER KEITH | : |
| WORTZ | : |
|     Defendant | : |
| | **:CONSOLIDATED** |
| STEPHEN G. COPPOLA | :DOCKET NO. 3:01CV592(MRK)(LEAD) |
|     Plaintiff | :DOCKET NO. 3:01CV813(MRK)(MEMBER) |
| | : |
| | : |
| VS. | : |
| | : |
| MELVIN WEARING, BRYAN KEARNEY, | : |
| JOHN MINARDI AND KEITH WORTZ | : |
| AND THE CITY OF NEW HAVEN | :     MAY 13, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The undersigned parties hereby submit this Memorandum of Law and fact in support of their Motion for Summary Judgment filed simultaneously herewith.

I.   <u>RELEVANT BACKGROUND</u>:

The undersigned defendants seek summary judgment in their favor as to all Counts directed towards them by both the plaintiff Edwin Rodriguez as well as the plaintiff Stephen Coppola.

The pertinent complaint being pursued by Edwin Rodriguez is dated April 12, 2001.  The First Count sounding in violation of Title 42 U.S.C. Section 1983 and the Third Count sounding in State law claims of Intention Infliction of Emotional Distress claims.  These are the only Counts that are directed at the undersigned defendants.

The pertinent complaint being pursued by the plaintiff Stephen Coppola is entitled "Plaintiff Coppola's Corrected Second Amended Complaint" and is dated February 19, 2003. The Third Count sounds in State law claims of defamation and is directed at the undersigned defendants Bryan D. Kearney and

John Minardi.  The Eighth Count sounds in alleged violations of Title 42 U.S.C. Section 1983 and is directed in parts to the undersigned defendants.  The Ninth Counts sounds in State law for Intentional Infliction of Emotional Distress claims and apparently is directed at all the undersigned defendants even though not specifically outlined in specific facts attributable to any of the particular undersigned defendants.

**B.   UNDISPUTED MATERIAL FACTS:**

The purpose of now Rule 56(a)1 Statement is to make affirmative statements, which will aid and inform the Court as it considers a motion for summary judgment.  e.g. Pinto v. Texas Instruments, 72 F. Supp. 2d 9, 11 (1999). The asserted undisputed facts establish the following facts.

The undersigned defendants adopt and incorporate herein as though fully set forth the undisputed material facts submitted by the co-defendants in there Joint Memorandum of Law In Support of Motion for Summary Judgment dated April 30, 2004, Section 1.  Undisputed Material Facts as though full set forth herein.

In addition the undersigned defendants, Bryan D. Kearney was assigned as Officer In Charge by his supervisor, with the responsibility of investigating how the New Haven Police Department conducted an investigation into the homicide of an individual named Philip Cusick. John Minardi was also assigned the task of assisting Bryan D. Kearney in his employment responsibilities.

During the investigation Keith Wortz who was a Patrol Office with the New Haven Police Department was ordered to appear and submit to an interview under oath relative to what facts he was aware of related to the police investigation into the handling of the homicide of Philip Cusick. Numerous individuals along with Keith Wortz were interviewed in the course of this investigation (Paragraph Twenty (20) of plaintiff Coppola's Corrected Complaint dated February 19, 2003).

At the conclusion of the investigation by the Office of Internal Values & Ethics; Bryan D. Kearney issued a final report dated January 4, 2001. Contained within said report was

a Statement of Facts section.  Numerous facts were concluded in said Section including the following:

     1.   Detective Coppola did not notify the chief, assistant chief, Internal Values & Ethics or the North Haven Police that this investigation was stopped.

     2.   Detective Rodriguez did not notify the chief, assistant chief, Internal Values & Ethics or the North Haven Police that this investigation was stopped.

     3.   Captain Sullivan, Sergeants Kendall and Rodgers, Detectives Coppola and Rodriguez all withheld evidence from the North Haven Police Department in the form of statements and photoboards.

     4.   Detective Coppola physically withheld copies of the Martinez statement and the original photoboards, in his desk, from North Haven Police and discovery for more than two years.

     5.   Detective Rodriguez withheld the Martinez statement and photoboards from North Haven Police and discovery for more than two years by knowledge.

     6.   Withholding evidence is illegal in the State of Connecticut.

Captain Bryan D. Kearney authored and submitted the final report to the Office of the Mayor, C.A.O. James P. Horan and

Corporation Counsel Thayer Baldwin only.  Bryan D. Kearney, John Minardi nor Keith Wortz issued any written reprimands/warnings to or undertook any other disciplinary employment action against the plaintiffs as it related to the police investigation into the homicide of Philip Cusick.

Occurring during the same relevant time frame as the investigation by the Office of Internal Values & Ethics was a grand jury investigation as to the same issues relative to the police investigation into the homicide of Philip Cusick. During the course of that grand jury investigation both Keith Worth and John Minardi were subpoenaed and compelled to testify to facts related to the police investigation into the homicide of Philip Cusick.

C.    **STANDARD OF PROOF FOR SUMMARY JUDGEMENT:**

The undersigned defendants hereby adopt and incorporate herein as though fully set forth the Standard for Motion for Summary Judgment section entitled A. Standard for Motion for Summary Judgment contained in the co-defendants' Joint

Memorandum of Law In Support of Motion for Summary Judgment dated April 30, 2004.

**D.    LEGAL ARGUMENTS:**

  **I.    THERE EXISTS INSUFFICIENT FACTUAL ALLEGATIONS AND/OR SUPPORT FOR THE PLAINTIFFS' CLAIMS OF CONSTITUTIONAL VIOLATIONS OR VIOLATIONS OF TITLE 42 UNITED STATES CODE SECTION 1983, AS AMENDED; AS DIRECTED AT THE UNDERSIGNED DEFENDANTS.**

  The undersigned defendants hereby adopt and incorporate herein as though fully set forth the co-defendants' legal arguments raised in the section entitled F. The individual defendant, acting in their individual capacity did not violate 42.U.S.C. Section 1983, the Fourth, Fifth, Sixth, or Fourteenth Amendments of their Joint Memorandum of Law In Support of Motion for Summary Judgment dated April 30, 2004.

  In addition, the undersigned defendant Bryan D. Kearney and John Minardi were assigned the responsibility of conducting an investigation into the manner that their police department handled the murder investigation of Philip Cusick.  They were assigned this task by their superior Officer Police Chief

Melvin Wearing.  They performed this investigation as part of their duties within the Internal Values and Ethics Unit of the New Haven Police Department.

The defendant Keith Worth as a patrol officer was ordered to appear at the investigation and provide a sworn interview of the facts he knew of related to the homicide investigation conducted by the department.  A detailed final report was authored and issued by Bryan D. Kearney and was provided solely to his employer The City of New Haven.  Bryan D. Kearney, John Minardi nor Keith Wortz undertook any disciplinary action against the plaintiffs themselves.

II.  **THERE EXISTS INSUFFICIENT FACTUAL ALLEGATIONS AND/OR SUPPORT FOR THE PLAINTIFFS' CLAIMS OF INTENTION INFLICTION OF EMOTIONAL DISTRESS UNDER THIS COURT'S PENDENT JURISDICTION AS DIRECTED AT THE UNDERSIGNED DEFENDANTS.**

The undersigned defendants adopt and incorporate herein as though fully set forth the legal arguments raised in the Section entitled I. The defendants did not intentionally inflict emotional distress on the plaintiffs of the co-

defendants' Joint Memorandum of Law In Support of Motion For Summary Judgment dated April 30, 2004.

The Honorable Court in reviewing these pendent State law claims should look to the State Court's for guidance.  Said State Court have held such "liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind".  Frank Delaurentis vs. City of New Haven, et al., 220 Conn. 225, 266-67, (1991); Petyan vs. Ellis, 200 Conn. 243, 253, 254 n. 5 (1986); Drew vs. K-Mart Corp., 37 Conn. App. 239 (1995).

Whether a defendant's conduct rises to the level of being "extreme and outrageous" necessary to rise to an intentional infliction of emotional distress claim is a question to be determined by the Court in the first instance.  Ziobro vs. Connecticut Institute, 818 F. Supp. 497, 502 (D. Conn. 1993); Johnson vs. Chesebrough-Ponds USA Co., 918 F. Supp. 543, 552

(D. Conn., 1996); Ericson vs. City of Meriden, 113 F. Supp. 2d. 276, 292 (D. Conn., 2000).

Connecticut Courts have held that the conduct of the tortfeasor must display the heartless, flagrant and deliberate will to harm that is characteristic of outrageous behavior Mellaly vs. Eastman Kodak, Co., 42 Conn. Supp. 17, 20 (1991). A review of the Superior Courts have found no cases to support the plaintiffs' claims that these acts as alleged by the plaintiffs themselves let alone in contrast with the steadfast denials of all claims by the defendants is necessary to support these claims of intentional infliction of emotional distress.

The undersigned refers to three examples of these cases. The Honorable Kevin E. Booth in Jewitt v. General Dynamics Corp., et al, 1997 WL 255093 (Conn. Super. 1997), held that relieving the plaintiff of duties as a Director of a department and reassigning said person to a non-supervisory position as well as failure to follow standard personnel and disciplinary procedures could not support an intentional infliction claim. The Honorable Bruce L. Levin, in Dinegard v. Univesity of New

Haven, 1998 WL892720 (Conn. Super. 1998), held that utilizing a new method of evaluation that adversely affected the plaintiffs' promotions could not rise to an intentional infliction claim.  Lastly, the Honorable Jack L. Grogins in Dollard vs. Orange Board of Education at 2000 WL192804 (Conn. Super. 2000) held that hypercritical scrutiny of an employee's work and a transfer to another department could not support an intentional infliction claim.  Cases are appended.

The issuance of a written reprimand for actual violations of employment rules clearly cannot rise to the level of intentional infliction of emotional distress.

**III.  <u>THERE EXISTS INSUFFICIENT FACTUAL ALLEGATIONS AND/OR SUPPORT FOR THE PLAINTIFFS' CLAIMS OF DEFAMATION UNDER THIS COURT'S PENDENT JURISDICTION AS DIRECTED AT THE UNDERSIGNED DEFENDANTS</u>.**

The undersigned defendants adopt and incorporates herein as though fully set forth the legal arguments raised in Section D. entitled <u>The defendants did not defame the plaintiff</u>

Coppola, of the Joint Memorandum of Law In Support of Motion for Summary Judgment dated April 30, 2004.

The Second Circuit has refused to allow mere defamation claims to rise to the level of claims of constitutional deprivation as the plaintiff seems to be attempting to in Count Eight of the Corrected Complaint unless made during employee's termination hearings or deprives the plaintiff of some other legal right or status e.g. Martz v. Inc. Village of Valley Stream, 22 F. 3rd 26 (2d Cir. 1994); Nev. v Corcoran, 869 F. 2d 662, 667 (2d Circuit) cert. denied 493 U.S. 816 (1989); Brandt v. Board of Co-Op Educ. Services, 820 F. 2d 41 (2d Cir. 1987); Donato v. Plainview – Old Beth Page Cent School, 96 F. 3d 623 (2d Cir.) cert. denied 117 S. Ct 1083 (1997).

A review of other Federal Court Circuits reveals the same judicial reluctance to allow claims that liberty interest have been violated unless accompanying clear evidence of a dismissal of employment and the imposition of future stigma impairing the ability to also obtain other employment. Duggan v. Town of Ocean City, 516 F. Supp 1081 (D. Md. 1981); Johnson v. City of

Wichita, 687 F. Supp 1501 (D. Kan 1988); Robinson v. Boyer, 643
F. Supp 975 (N. D. Misc. 1986) affirmed 825 F. 2d 64 (5th
Circuit 1987).

The plaintiffs were and are still employed as New Haven
Police Officers with the defendant City of New Haven and the
alleged statements made by the defendants were not made during
a termination hearing in any event.  The Federal Courts are not
the appropriate forum in which to review the multitude of
personnel decisions that are daily made by public agencies.
Bishop v. Wood, 426 US 341 (1976). Even such disciplinary
actions such as the suspension of an employee without pay Boals
v. Gray, 775 F. 2d 686 (6th Cir. 1985) and the placement of a
reprimand in an employee's file Linhardt v Glatfeller, 771 F.
2d 1004 (7th Cir. 1985) have not been found to constitute a
significant deprivation of a constitution right to allow the
continued viability of a claim pursuant to Section 1983 of 42
U.S.C.  To allow this claim to continue would be to
constitutionalize state tort and employment law.

The plaintiff Stephen Coppola in addition has no actionable claim against any of the undersigned defendants for defamation in this instance. The alleged testimony provided by the defendant Keith Wortz and John Minardi compelled by subpoena at the Grand Jury and alleged in Paragraph One (1) of Count Eight (8) of the plaintiff's corrected complaint enjoys absolute judicial immunity. e.g. Felts v. Paradise, 178 Tenn. 421 (1942); Buchanon v. Miami Herald Publishing Co., 206 So. 2d 465 (Fla. App. 1968).

As the defendant John Minardi did not author or submit the final report with the objectionable "Statement of Facts". Accordingly the plaintiff cannot even prove the rudimentary initial element of proof necessary that this "defendant published a defamatory statement". Cweklinski at 217 (2004).

Also more importantly such internal documents required to be prepared by the Internal Affairs department of the Police Department for use by other portions of the Police Department and branches of the City of New Haven obviously enjoys the conditional privilege of common interest. See Evans, Legal

Immunity for Defamation, 24 Minn. L. Rev. 607 (1940). This conditional privilege is recognized in cases where parties are members of the same group and this communication between members of such are essential for the smooth operation of governmental units especially one that requires obedience to orders to maintain authority and discipline.

Lastly, as more artfully argued and drafted in the co-defendants' Joint Memorandum of Law dated April 30, 2004, the defendant City of New Haven's Police Department is a quasi-military organization designed to protect the citizens of New Haven from crime and to respond and render assistance in emergencies. They are organized under a military chain of command with a Captain, Sergeant, etc. There exists a privilege for a military personnel giving opinions by a superior regarding the qualifications to third parties relative to the qualifications of his subordinates, which insulates the defendants from defamation claims. Gray v. Mussmon, 88 Conn. 247 (1914). For all these reasons the statements attributable

to these defendants cannot form the basis of a state law defamation claim.

**IV.  THE UNDERSIGNED DEFENDANTS WHO EITHER WERE ASSIGNED EMPLOYMENT DUTIES OR REQUIRED TO PARTICIPATE IN SUCH EMPLOYMENT DUTIES ENJOY A QUALIFIED IMMUNITY UNDER THE FACTS AS ALLEGED IN THE PLAINTIFFS' COMPLAINTS:**

The undersigned defendants adopt and incorporate herein as though fully set forth, the legal arguments raised in Section J. entitled <u>The individual defendants were entitled to qualify immunity for the federal cause of action</u> continue in the co-defendant's Joint Memorandum of Law in Support of a Motion for Summary Judgment dated April 30, 2004.

In addition, it is respectfully submitted that no allegations has been made that these defendants were not in the scope and furtherance of their employment and doing tasks clearly within their job responsibilities and requirements. Accordingly, qualified immunity is a shield for these defendants under the allegations contained within the plaintiffs' complaints.

RESPECTFULLY SUBMITTED ON BEHALF OF
THE DEFENDANTS,
BRYAN D. KEARNEY, JOHN MINARDI AND
KEITH WORTZ


BY_____
   RENE GERARD MARTINEAU
   DEL SOLE & DEL SOLE, L.L.P.
   46 SOUTH WHITTLESEY AVENUE
   WALLINGFORD, CT 06492
   (203) 284-8000
   FEDERAL BAR NO. ct07680

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed postage prepaid on this date to the following:

Jonathan H. Beamon
Office of the Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510

Paul A. Morello, Jr.
Donovan & Morello
154 West Street
Building 3
Cromwell, CT 06416-2446

Rosemarie Paine
Jacobs, Grudberg, Belt & Dow
350 Orange Street
P.O. Box 606
New Haven, CT 06503-0606

R. Edward Phillips
Miller & Phillips
One Union Plaza, 2nd
P.O. Box 116
New London, CT 06320

_____
Rene Gerard Martineau