UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWIN RODRIGUEZ : | |
|     Plaintiff : | |
| : | |
| vs. : | |
| : | |
| THE CITY OF NEW HAVEN, AND IN : | |
| THEIR INDIVIDUAL AND OFFICIAL : | |
| CAPACITIES, MAYOR JOHN : | |
| DESTEFANO, CHIEF OF POLICE : | |
| MELVIN H. WEARING, CORPORATION : | |
| COUNSEL THAYER BALDWIN, CHIEF : | |
| ADMINSTRATIVE OFFICER, JAMES : | |
| HORAN, CAPTAIN BRYAN D. KEARNEY, : | |
| LIEUTENANT JOHN MINARDI, PATROL : | |
| OFFICER KEITH WORTZ : | |
|     Defendants : | |
| : | CONSOLIDATED |
| : | NO.: 3:01CV592 (MRK) (Lead) |
| STEPHEN G. COPPOLA : | NO.: 3:01CV813 (MRK) (Member) |
|     Plaintiff : | |
| v. : | |
| : | |
| MELVIN WEARING, BRYAN KEARNEY, : | |
| JOHN MINARDI AND KEITH WORTZ : | |
| AND THE CITY OF NEW HAVEN : | June 3, 2004 |

## **MOTION FOR SANCTIONS**

The Plaintiff, Stephen G. Coppola, respectfully moves for sanctions against the defendant Keith Wortz and Attorney Rene Martineau, and in support thereof represents as follows:

This Court ordered all defendants to answer the Plaintiff Stephen Coppola's interrogatories and production request no later than October 31, 2003.  Counsel for the City of New Haven notified the Court that it would be seeking new counsel for Defendant Wortz, and on April 14, 2004 Attorney Rene Martineau filed an appearance on behalf of Defendant Wortz.  In a May 7, 2004 letter to counsel for the Plaintiff Stephen Coppola, Attorney Martineau indicated that on behalf of the Defendant Wortz he would be filing responses to the pending interrogatories and production request at the end of the following week (see attached letter).  On May 13, 2004, Attorney Martineau filed a Motion for Summary Judgment, but to date he has not filed answers to the interrogatories or discovery request on behalf of the Defendant Wortz. It is respectfully noted in connection with this Motion that on or about April 14, 2004 Attorney Rene Martineau, on behalf of Defendants Minardi, Kearney and Wortz filed a Motion for Modification of scheduling orders which, if granted, would have significantly extended the time for the Plaintiff Coppola to complete his discovery.  On or about May 7, 2004, the Defendant City of New Haven finally produced the investigative file which the Plaintiff Coppola had been seeking for approximately two (2) years.  Once the investigative file was produced, Attorney Martineau withdrew his proposed Motion for Modification, which had not yet been ruled upon.

By withdrawing his proposed Motion for Modification Attorney Martineau attempted to preclude the Plaintiff Coppola from having the additional time he had already proposed, and which he acknowledged Plaintiff Coppola required, in order to complete the Plaintiff's discovery.  It is respectfully submitted that the foregoing shows that Attorney Martineau sought to gain unfair advantage and to preclude the Plaintiff Coppola from having ample opportunity to complete discovery.

Further, on or about May 13, 2004 Attorney Martineau, after having attempted to preclude the Plaintiff Coppola from completing his discovery, and with knowledge that the Plaintiff Coppola in fact had not completed such discovery and was therefore not properly prepared to contest it, nevertheless filed a Motion for Summary Judgment. It is respectfully submitted that it is noteworthy that Attorney Martineau found the time to prepare a Motion for Summary Judgment, but has still not had time to respond to Plaintiff Coppola's Interrogatories or Request for Production which Coppola will need to respond to the Summary Judgment Motion and which he agreed to produce by May 14, 2004. (These discovery requests are dated and were served in February, 2002.) Notwithstanding the foregoing history, when counsel for Coppola requested an extension of time to complete discovery, which Request proposed dates which were

substantially similar to those of Attorney Martineau's own prior motion, Attorney Martineau objected.

    WHEREFORE, the Plaintiff, Coppola moves for sanctions against the Defendant Keith Wortz and Attorney Rene Martineau, including the awarding of counsel fees and a dismissal of the pending Motion for Summary Judgment as being premature.   A prior Motion for Extension of Time to respond to the Summary Judgment Motion, based on the illness of Attorney R. Edward Phillips, is pending and was not objected to by Attorney Rene Martineau.

                              THE PLAINTIFF
                              Stephen Coppola

            By:  _____
                    Warren Miller
                    Miller & Phillips, LLC
                  One Union Plaza, Second Floor
                  New London, CT 06320
                  Tel.  (860) 444-0437
                  Fax. (860)-443-1354
                  CT# 14330

**CERTIFICATION**

This is to certify that the foregoing has been delivered via mail, postage pre-paid on this _____ day of June, 2004 to the following counsel:

Jonathan Beamon, Esquire
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510

Rene G. Martineau, Esquire
Del Sole & Del Sole, LLP
46 Whittlesey Avenue
Wallingford, CT 06492

Rosemarie Paine, Esq.
Jacobs, Grudberg, Belt & Dow
350 Orange Street
New Haven, CT 06511

_____
Warren Miller