UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWIN RODRIGUEZ | : |
|     Plaintiff | : |
| | : |
| VS. | : |
| | : |
| THE CITY OF NEW HAVEN, AND IN | : |
| THEIR INDIVIDUAL AND OFFICIAL | : |
| CAPACITIES, MAYOR JOHN | : |
| DESTEFANO, CHIEF OF POLICE | : |
| MELVIN H. WEARING, CORPORATION | : |
| COUNSEL THAYER BALDWIN, CHIEF | : |
| ADMINISTRATIVE OFFICER, JAMES | : |
| HORAN, CAPTAIN BRYAN D. | : |
| KEARNEY, LIEUTENANT JOHN | : |
| MINARDI, PATROL OFFICER KEITH | : |
| WORTZ | : |
|     Defendant | : |
| | **:CONSOLIDATED** |
| STEPHEN G. COPPOLA | :DOCKET NO. 3:01CV592(MRK)(LEAD) |
|     Plaintiff | :DOCKET NO. 3:01CV813(MRK)(MEMBER) |
| | : |
| | : |
| VS. | : |
| | : |
| MELVIN WEARING, BRYAN KEARNEY, | : |
| JOHN MINARDI AND KEITH WORTZ | : |
| AND THE CITY OF NEW HAVEN | :   JUNE 10, 2004 |

**OBJECTION TO MOTION FOR SANCTIONS**

**ORAL ARGUMENT IS REQUESTED / TESTIMONY IS NOT REQUIRED**

The undersigned counsel and parties hereby object to the plaintiff's Stephen G. Coppola's motion for sanctions dated June 3, 2004.

Initially and more importantly; whether or not the undersigned counsel objects to a motion for enlargement of the Court's scheduling orders is of no moment.  It is within the Honorable District Court's sole discretion to determine if the Court's orders will be modified.  The Honorable Mark R. Kravitz U.S.D.J.'s comments at the Status Conference held by telephone on Thursday, March 25, 2004 clearly apprised all counsel that good cause must be shown for any modification.  The plaintiff Stephen Coppola is free to file a motion for modification as he has done as long as good cause is shown sufficient to convince this Honorable Court.

The undersigned counsel does however take offense to the characterization that the withdrawal of the prior motion to modification that was filed by the undersigned was for any improper motive.  Unfortunately, this Honorable Court's file has been littered with the motions and objections relative to

that issue.  The undersigned filed a motion by consent to modify the scheduling orders dated April 14, 2004.  Only the moving party to this motion objected to that motion (on not once but on two occasions (see objections dated April 19 and April 29, 2004).  As the motion was not by consent it was withdrawn by motion dated May 13, 2004.

    Also, the plaintiff Stephen Coppola makes reference in his motion for enlargement dated June 7, 2003 that the motion for enlargement by Stephen Coppola was objected to by the undersigned.  Firstly, the undersigned does not object to the motion but will not consent or join in on such.  See a copy of the letter forwarded via facsimile on May 26, 2004, which was entirely ignored by plaintiff's counsel.  Said letter states initially that the undersigned joins in on any motion for enlargement that the plaintiff needed to file an objection to the motion for summary judgment.

    Also the undersigned only requested that the motion for modification include a statement that the undersigned could not consent to or join in on such (not that there was an objection

to it) due to the steadfast refusal of the plaintiff Stephen Coppola to allow an enlargement of the scheduling orders for the undersigned to merely move for the plaintiff to submit to an independent psychiatric examination.  The plaintiff who has disclosed a psychiatrist as an expert (albeit rudimentary) apparently does not wish to undergo a critical independent examination to test the merits of that claim.

More importantly, the defendant Keith Wortz has filed discovery compliance to the plaintiff's request for discovery. It is conceded that such compliance came long after this Honorable Court's order to provide such.  It is respectfully submitted such is not the fault of the defendant Keith Wortz who relied upon his legal counsel to properly represent his interests and comply with the Court's orders.  His legal rights should not be prejudiced by the negligence of his legal counsel.  The undersigned counsel filed his appearance for Keith Wortz on April 14, 2004 and has been diligently attempting to finalize compliance which took longer than anticipated as additional investigative materials were received

into early May and extensive information had to be located, coordinated and interposed as to the discovery before it was ready for execution and service.  Counsel for the undersigned while initially hopeful that compliance could have been provided by May 14, 2004 required an additional three (3) weeks before full compliance was made and has been made.

    The defendants Bryan Kearney and John Minardi who wish to apprise this Honorable Court that the motion for sanctions is not directed at them and therefore their pursuit of a motion for summary judgment should not be disturbed.  Further, even though the plaintiff has never attempted to resolve outstanding objections to a request for discovery served upon these defendants; these defendants none the less filed responses to the discovery so that no claim could be made that the plaintiff Stephen Coppola could not begin work on his objection to the summary judgment.

    Lastly, the undersigned parties and counsel have apprised the plaintiffs that they would consent to any enlargement of time to file an objection to the motion for summary judgment.

The undersigned parties' motion for summary judgment was filed within the time that the Court did allow the undersigned to file within. Accordingly, no prejudice will befall the plaintiff by the providing of discovery at this juncture since even at this late date the plaintiff should possess sufficient evidence to defeat a summary judgment if there exists even a scintilla of a real cause of action.  In addition, the co-defendant City of New Haven has provided extensive and voluminous documents consisting of the entire internal affairs investigation, which is at the heart of this litigation.

    WHEREFORE, all of the aforesaid reasons the motion for sanctions should be denied.

                              RESPECTFULLY SUBMITTED ON BEHALF OF
                              THE DEFENDANTS,
                              BRYAN D. KEARNEY, JOHN MINARDI AND
                              KEITH WORTZ

                              BY_____
                                 RENE GERARD MARTINEAU
                                 DEL SOLE & DEL SOLE, L.L.P.
                                 46 SOUTH WHITTLESEY AVENUE
                                 WALLINGFORD, CT 06492
                                 (203) 284-8000
                                 FEDERAL BAR NO. ct07680

## **CERTIFICATION**

    I hereby certify that a copy of the foregoing has been mailed postage prepaid on this date to the following:

| | |
|---|---|
| Jonathan H. Beamon<br>Office of the Corporation Counsel<br>City of New Haven<br>165 Church Street<br>New Haven, CT 06510 | Paul A. Morello, Jr.<br>Donovan & Morello<br>154 West Street, Bldg. 3<br>Cromwell, CT 06416-2446 |
| Rosemarie Paine<br>Jacobs, Grudberg, Belt & Dow<br>350 Orange Street<br>P.O. Box 606<br>New Haven, CT 06503-0606 | Warren Miller<br>Miller & Phillips<br>One Union Plaza, 2nd Floor<br>P.O. Box 116<br>New London, CT 06320 |

                                        _____
                                        Rene Gerard Martineau