**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **EDWIN RODRIGUEZ** | : | **CONSOLIDATED** |
|     Plaintiff, | : | |
| | : | |
| V. | : | **CIVIL NO. 3:01 CV 592 (MRK)** |
| | : | |
| **CITY OF NEW HAVEN, ET AL** | : | |
|     Defendants. | : | **OCTOBER 6, 2004** |
| | | |
| **STEPHEN COPPOLA** | : | |
|     Plaintiff, | : | |
| | : | |
| V. | : | **CIVIL NO. 3:01 CV 813 (MRK)** |
| | : | |
| **MELVIN WEARING, ET AL** | : | |
|     Defendants. | : | **OCTOBER 6, 2004** |

**REPLY TO PLAINTIFF COPPOLA'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The defendant Melvin Wearing submits the following in response to plaintiff Coppola's memorandum of law in opposition to the defendant's motion for summary judgment.

The plaintiff filed a third amended complaint on or about September 26, 2004. Only two defendants remain in this litigation: Chief Melvin Wearing and Captain Bryan Kearney. The City of New Haven is a defendant for purposes of indemnification only under Connecticut General Statutes §7-465. The four causes of action are retaliation

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

1

under the First Amendment, violation of due process, violation of equal protection and defamation.

Briefly, the defendant will set forth five points in response to the plaintiff's memorandum of law in opposition to motion for summary judgment.

**1.    Violation of Due Process**

While not binding on this Court, there is Connecticut Superior Court law to state that a letter of reprimand "does not deprive [a] plaintiff of a constitutionally-protected property interest."    <u>McKiernan v. Amento</u>, 2003 WL 22333200 at *9 (Conn. Super.)(attached as Exhibit A.)  The defendant did not violate the plaintiff's procedural or substantive due process rights.

**2.    Violation of Equal Protection**

The plaintiff seems to indicate that because the City "commended" Keith Wortz for conduct that it reprimanded the plaintiff, the defendant Wearing violated the equal protection clause of the Fourteenth Amendment.  First, the plaintiff is not "similarly situated" to Wortz, as Wortz did not admit under oath that he failed to put evidence in the property room.  The plaintiff did.  Second, the defendant Wearing did not commend Wortz.  Third, the City of New Haven is no longer a party in the underlying litigation.  As such, the equal protection claim must fail.

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

2

### 3. Defamation

In his memorandum in opposition, the plaintiff argues that the defendant Wearing defamed him by citing law relating to the tort of false light invasion of privacy. That tort has not been alleged in any of the plaintiff's complaints. As stated in the defendant's memorandum in support, the defendant retains an absolute defense of truth to the defamation claim.

Further, a recent Connecticut Supreme Court case holds that "statements made in connection with [an internal affairs] investigation are afforded an absolute privilege." Craig v. Stafford Construction, Inc., 271 Conn. 78 (2004). As the defendant Wearing was repeating statements found in the defendant Kearney's internal values and ethics investigation, Wearing's statements are privileged.

### 4. Qualified Immunity

The plaintiff argues that the defendant Wearing is not entitled to qualified immunity. The plaintiff then cites law to state that those sued in their official capacity cannot claim qualified immunity. The defendant Wearing is not being sued in his official capacity. "Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Goldberg v. Town of Rocky Hill, 973 F.2d 70, 73 (2d Cir. 1992).

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

3

Here, the entity is the City of New Haven, which is a defendant in this case only for purposes of indemnification under Connecticut General Statutes §7-465. The defendant Wearing is being sued in his individual capacity. Therefore, Wearing is entitled to qualified immunity as to the federal law claims because the discipline of police officers is a discretionary duty and his conduct did not violate clearly established rights of which a reasonable person would have known.

5. **Connecticut General Statutes §7-465**

The plaintiff's third amended complaint states that if the City of New Haven is liable for the actions of the defendants, the City must indemnify the plaintiff under Connecticut General Statutes (C.G.S.) §7-465.

As to the defamation claim, C.G.S §7-465(a) states that "[t]his section shall not apply to libel or slander proceedings brought against any such employee and, in such cases, there is no assumption of liability by any town, city or borough." Therefore, the City is not entitled to pay any judgment entered against a City employee in a defamation case.

WHEREORE, for the foregoing reasons, the defendants move this Court to grant their joint motion for summary judgment.

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

4

                THE DEFENDANTS
                CITY OF NEW HAVEN, MELVIN WEARING,
                MAYOR JOHN DESTEFANO, THAYER
                BALDWIN AND JAMES HORAN


BY: /S/ _____
Jonathan H. Beamon
Assistant Corporation Counsel
165 Church Street
New Haven, CT 06510
Telephone (203) 946-7958
Fed. Bar. No. ct22937
E-mail: jbeamon@newhavenct.net

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

5

# **C E R T I F I C A T I O N**

       This is to certify that a copy of the foregoing was this day mailed/delivered to the following counsel of record:

| | |
|---|---|
| Stephen P. Del Sole, Esq.<br>Rene Gerard Martineau, Esq.<br>Del Sole & Del Sole, LLP<br>46 S. Whittlesey Ave.<br>Wallingford, CT  06492-0310 | Paul A. Morello, Jr., Esq.<br>Donovan & Morello<br>154 West Street, Building 3<br>Cromwell, CT  06416-2446 |
| Rosemarie Paine, Esq.<br>Jacobs, Grudberg, Belt & Dow<br>350 Orange Street<br>P.O. Box 606<br>New Haven, CT  06503-0606 | R. Edward Phillips, Esq.<br>Law Office of Warren Miller<br>One Union Plaza, Second Floor<br>P.O. Box 116<br>New London, CT  06320 |
| Thomas W. Ude, Jr., Esq.<br>Martin S. Echter, Esq.<br>Office of the Corporation Counsel<br>165 Church Street<br>New Haven, CT 06510 | |

 

                                                                              _____<br>
                                                                              Jonathan H. Beamon

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*<br>*165 Church Street, New Haven, CT 06510*<br>*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

6