UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Edwin Rodriguez | : | |
| | : | Consolidated |
| Plaintiff, | : | NO.   3:01cv0592 (MRK) |
| | : | |
| v. | : | |
| | : | |
| City of New Haven, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |
| Stephen Coppola | : | |
| | : | |
| Plaintiff | : | NO.   3:01cv0813 (MRK) |
| | : | |
| v. | : | |
| | : | |
| Melvin Wearing, et al. | : | |
| Defendants. | : | |

**RULING AND ORDER**

For reasons explained in open court and on the record during oral argument on October 19, 2004, and for the reasons explained in a telephonic conference with the parties on the record on October 27, 2004, the Court enters the following rulings and orders:

1. The Court GRANTS Plaintiff Coppola's Motion for Dismissal Against Defendant Wortz [doc. #135].  All claims against Defendant Wortz are DISMISSED WITH PREJUDICE.

2. The Court GRANTS Plaintiff Rodriguez's Motion to Amend Complaint [doc. #140], and the Clerk of the Court will docket the Amended Complaint attached to the motion.  Plaintiff Rodriguez's Amended Complaint names only Police Chief Melvin Wearing and the City of New Haven as Defendants, and contains only three counts: (1) a First Amendment claim under 42

U.S.C. § 1983 against Defendant Wearing in his individual capacity; (2) a Fourteenth Amendment Equal Protection claim under 42 U.S.C. § 1983 against Defendant Wearing in his individual capacity; and (3) a state law claim under Connecticut General Statutes § 31-51q against Defendant City of New Haven.  According to the motion [doc. #140], all of Plaintiff Rodriguez's other claims against all other Defendants have been abandoned.

   3.  At oral argument, the Court GRANTED Plaintiff Coppola's Motion to Amend Complaint [doc. #127], and Plaintiff Coppola's Third Amended Complaint was docketed by the Clerk of the Court [doc. #139].  Subsequently, Plaintiff Coppola filed a Supplemental Brief to Oral Argument of Motions for Summary Judgment [doc. # 143], in which Plaintiff Coppola clarified that he is only pursuing: (1) a First Amendment claim under 42 U.S.C. § 1983 against Defendant Wearing in his individual capacity; (2) a Fourteenth Amendment Equal Protection claim under 42 U.S.C. § 1983 against Defendant Wearing in his individual capacity; (3) a Fourteenth Amendment Substantive Due Process claim under 42 U.S.C. § 1983 against Defendant Wearing in his individual capacity; (4) a state law claim of defamation against Defendant Kearney; and (5) an indemnification claim against Defendant City of New Haven. According to this memorandum [doc. # 143], all of Plaintiff Coppola's other claims against all other Defendants have been abandoned.

   4.  The Court GRANTS IN PART and DENIES IN PART Defendant Wearing's and Defendant City of New Haven's Joint Motion for Summary Judgment [doc. #101].  Specifically, the Court DENIES summary judgment for Defendant Wearing on Plaintiff Rodriguez's and Plaintiff Coppola's First Amendment and Fourteenth Amendment Equal Protection claims against Defendant Wearing in his individual capacity.  The Court GRANTS summary judgment

for Defendant Wearing on Plaintiff Coppola's Fourteenth Amendment Substantive Due Process claim against Defendant Wearing in his individual capacity.  The Court DENIES summary judgment for Defendant City of New Haven on Plaintiff Rodriguez's state law claim under Connecticut General Statutes § 31-51q against Defendant City of New Haven.  The Court DENIES summary judgment for Defendant City of New Haven on Plaintiff Coppola's indemnification claim against Defendant City of New Haven.

     5.  The Court GRANTS Defendant Kearney's Motion for Summary Judgment [doc. #109].  Judgment shall enter for Defendant Kearney on Plaintiff Coppola's state law defamation claim (the only remaining claim against Defendant Kearney that had not previously been abandoned), and Defendant Kearney is hereby dismissed from this case.

     6.  As a result of the rulings above, the only remaining claims in this case are as follows: (1) Plaintiff Rodriguez's and Plaintiff Coppola's First Amendment claims under 42 U.S.C. § 1983 against Defendant Wearing in his individual capacity; (2) Plaintiff Rodriguez's and Plaintiff Coppola's Fourteenth Amendment Equal Protection claims under 42 U.S.C. § 1983 against Defendant Wearing in his individual capacity; (3) Plaintiff Rodriguez's state law claim under Connecticut General Statutes § 31-51q against Defendant City of New Haven; and (4) Plaintiff Coppola's indemnification claim against Defendant City of New Haven.  All other claims against all other Defendants have either been abandoned, dismissed, or judgment has entered for Defendants.

     7.  With respect to the remaining claims, all parties are instructed to adhere to this Court's Scheduling Order from July 21, 2004 [doc. #124] in preparation for jury selection on December 7, 2004, and trial on December 8, 2004.

IT IS SO ORDERED.


/s/    Mark R. Kravitz
United States District Judge


Dated in New Haven, Connecticut: October 28, 2004