UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 NOV 24 P 12: 00
U.S. DISTRICT COURT
NEW HAVEN, CT

EDWIN RODRIGUEZ
, Plaintiff

vs.

THE CITY OF NEW HAVEN, AND IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES,
MAYOR JOHN DESTEFANO, CHIEF OF POLICE
MELVIN H. WEARING, CORPORATION COUNSEL
THAYER BALDWIN, CHIEF ADMINISTRATIVE
OFFICER JAMS HORAN, CAPTAIN BRYAN D. KEARNEY,
LIEUTENANT JOHN MINARDI, PATROL OFFICER
KEITH WORTZ,
    Defendants

: CONSOLIDATED
: NO.301 CV592(MRK)(Lead)
: NO.: 3:01 CV813(MRK)(Member)

STEPHEN COPPOLA,
, Plaintiff

vs.

MELVIN WEARING, BRYAN KEARNEY,
JOHN MINARDI AND KEITH WORTZ AND
THE CITY OF NEW HAVEN

: NOVEMBER 24, 2004

## PLAINTIFF EDWIN RODRIGUEZ SUPPLEMENTAL REQUESTS TO CHARGE

The plaintiff Edwin Rodriguez submits the following Supplemental Requests to Charge which was inadvertently omitted from the Joint Trial Submission. The defendants have no objection to the charge.

1. Connecticut General statutes section 31-51q

Under Connecticut General Statutes section 31-51q "any employer... who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the 1st Amendment to the United States Constitution or article first, section 4 of Connecticut's Constitution, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for

damages caused by such discipline or discharge, including punitive damages, and for reasonable attorneys' fees as part of costs of any such action for damages." The 1st Amendment to the United States Constitution, in relevant part, protects freedom of speech and association. Section 4 of the first article of the Connecticut Constitution reads as follows: "Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that liberty." In this case, Edwin Rodriguez is claiming that City of New Haven, as his employer, subjected him to retaliatory action on account of the exercise of his right to free expression and association guaranteed to him under the 1st Amendment of the United States Constitution and by article first, section 4 of the Connecticut Constitution.

2. Not every workplace dispute about working conditions, however, translates into a question of free speech. The Section 31-51q statute applies only to expressions regarding or relating to public concerns, that is, the employee's speaking out on concerns affecting the public.

3. As the trial judge, I must determine in the first instance whether topics of speech raise issues of public concern. It is your duty, however, as members of the jury, to determine as a matter of fact if Edwin Rodriguez was speaking out on matters of public concern or whether he was speaking simply on his own behalf in order to resolve private workplace disputes. In order to make the determination of whether Edwin Rodriguez was speaking on matters of public concern or in his own private interests, you must look to the content, form and context of the particular expressions. A person who is motivated by both personal and public concerns is entitled to protection under Connecticut General Statutes section 31-51q. In other words, if you find that Edwin Rodriguez had engaged in speech that was both personal and public in nature, you may find in his favor.

4. An employee's speech involves a matter of public concern if it can fairly be considered as relating to any matter of political, social or other concerns of the community. I charge you that generally speaking I have determined that the cessation of a murder investigation prior to an anticipated arrest is a topic of public concern.

5. If you find that Edwin Rodriguez spoke out on matters of public concern, then you must determine whether he was subjected to discipline, otherwise known as an adverse employment action. An adverse employment action is defined as a materially adverse change in the terms and conditions of employment. Even a small punishment based upon the exercise of free speech forms the basis for a section 31-51q claim when the aim is to punish protected speech.

6. In this case, Edwin Rodriguez claims that Mel Wearing took an adverse employment action against him by unfairly targeting him in an Internal affairs investigation, making him a scapegoat in the investigation over the Cusick murder, unfairly reprimanding him in the internal affairs investigation.

7. If you find that Edwin Rodriguez has suffered an adverse employment action and that he was exercising rights of free speech by speaking on matters of public concern, then

you must determine whether the adverse employment action was taken, in part, on account of his speaking out. To prevail on this part of this case, he must show that there was a causal connection between his protected speech and adverse employment action, sufficient to warrant an inference that the protected speech was a substantial motivating factor in the adverse employment action.

8. The words "substantial" and "motivating" are reasonably interchangeable or have considerable overlap. For you to find in Edwin Rodriguez' favor, you must find that discipline because of his exercise of free speech was one of the considerations motivating the employer's decision, but not the only consideration or even the primary reason for the adverse employment action. In other words, Edwin Rodriguez' free speech must have played a role in the employer's decision to act adversely, and his free speech need not have been the sole consideration motivating the employer's actions, for him to prevail.

9. Edwin Rodriguez can establish that his free speech was a substantial motivating factor in the adverse employment action either by circumstantial evidence or by evidence of a retaliatory state of mind. Because employers rarely agreed that they had a retaliatory intent, plaintiffs must often build their case from pieces of circumstantial evidence which cumulatively undercut the credibility of the explanations offered for the adverse action by the employer.

10. Circumstantial evidence may fall into three non-exclusive categories: (1) proximity in time between the protected speech and the retaliation; (2) the employer's express opposition to speech; or (3) evidence that the reasons given by the employer for the adverse employment action were false or pretextual. Proof that the employer's reason is unworthy of belief is one form of circumstantial evidence that may be quite persuasive. A jury is entitled to consider a person's dishonesty about a material fact as "affirmative evidence of guilt."

11. With regard to that time between the protected activity and the adverse employment action, you may take into consideration the type of the action taken as well as the proximity of the action taken in connection with the speech.) Close proximity to the protected speech may provide a strong inference of retaliatory motive. On the other hand, timing may not be all that relevant if the opportunity for retaliation did not present itself, or the employer had engaged in a relatively slow and deliberate process to take an adverse action against the plaintiff. The critical question is whether a retaliatory motive was a factor that made a difference in this requires a careful consideration of all the evidence and any logical inference drawn from the evidence. Edwin Rodriguez contends that the credible evidence supports his claim that defendant was motivated through the actions of Mel Wearing to take retaliatory action in response to his speaking out.

12. If you find that the plaintiff Edwin Rodriguez has established that he was speaking out on matters of public concern and that adverse employment action was taken on account of his speech, as I have instructed you, the defendant has raised a defense available to it under the statute. The defendant has the burden of proof of this defense. Under section 31-51q, the defendant, to avoid liability, must prove that Edwin Rodriguez

protected speech substantially or materially interfered with Edwin Rodriguez' bona fide job performance or the working relationship between Edwin Rodriguez and the employer. If you do not find that Edwin Rodriguez protected speech substantially or materially interfered with his bona fide job performance or the working relationship between him and his employer, then the defendant has not proved its defense.

13. Connecticut General Statutes Section 31-51q provides for punitive damages. Edwin Rodriguez is entitled to an award of punitive damages if you determine that City of New Haven engaged in conduct that warrants such an award. To receive punitive damages, Edwin Rodriguez must prove that City of New Haven engaged in conduct that was recklessly indifferent to his rights, or an intentional and wanton violation of his rights, or willful or malicious. He is not required to prove an actual intent to injure. Instead, it is enough to prove recklessness, or serious indifferent to his rights, or gross negligence.

14. A punitive damages award under Connecticut General Statutes Section 31-51q is not intended to compensate the plaintiffs, but rather to deter similar conduct in the future. Because deterrence rather than compensation is the focus of punitive damages under this statute, the financial standing of the defendant is relevant and material. An amount that might deter an individual or a small company may seem minor and leave undeterred a corporate entity with large financial resources. The issue of City of New Haven's financial circumstances is thus relevant and material to the determination of punitive damages.

15. During these instructions I refer at times to defendant City of New Haven and at other times to individuals who were employed by the City of New Haven. You may find that City of New Haven acted through its employees including Mel Wearing. City of New Haven is legally liable for the actions of these individuals. In various relationships, called agency relationships, the law imposes liability upon one party for the tax for failure to act by City of New Haven is liable for his acts or his failures to act. If you find they were acting within the scope of their employment and duties when they took these actions, an agency relationship is established. You may consider the knowledge or notice to Mel Wearing to be equivalent to knowledge or notice of City of New Haven.

16. If you find that the evidence warrants it, damages under Section 31-51q includes damage to Edwin Rodriguez' reputation.

MacKay v. Rayonier, Inc., 75 F.Supp.2d 22 (D. Conn. 1999)
Lowe v. Amerigas, Inc., 52 F. Supp. 2d 349 (D. Conn. 1999)
Dailey v. Aetna Life & Cas. Co., 249 Conn. 766, 734 A.2d 112 (1999)

Damages: Alternative Measure of Punitive Damages Under Section 31-51q

Under Connecticut law, if you find that punitive damages are warranted, the measure of punitive damages is the cost of litigation to the plaintiffs. If you find that the defendant's conduct should result in an award of punitive damages, I instruct you that the court will determine the cost of litigation to the plaintiffs in a separate proceeding after your verdict has been rendered.

Wright, Connecticut Jury Instructions, Section 256.

Objective Evidence of Disruption Required

As I stated, the defendant has the burden of proving substantial or material interference with the employee's bona fide job performance or the working relationship between the employer and the employee. To satisfy this burden, the defendant must produce objective and credible evidence. Perceptions or feelings are not sufficient.

Schnabel v. Tyler, 230 Conn. 735, 759 (1994)

> THE PLAINTIFF,
> EDWIN RODRIGUEZ
>
> By_____
> Rosemarie Paine (ct15694)
> JACOBS, GRUDBERG, BELT & DOW, P.C.
> 350 Orange Street
> New Haven, CT 06503
> Telephone No.: 203-772-3100
> Facsimile No.: 203-772-1691
> e-mail: rpaine@jacobslaw.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed postage prepaid this day of November, 2004:

| | |
|---|---|
| Jonathan H. Beamon, Esq.<br>Office of the Corporation Counsel<br>City of New Haven<br>165 Church Street<br>New Haven, CT 06510 | Rene Martineau, Esq.<br>DelSole & DelSole<br>46 South Whittlesey Avenue<br>Wallingford, CT 06492 |
| R. Edward Phillips, Esquire<br>Miller & Phillips<br>One Union Plaza<br>Second Floor<br>New London, CT 06320 | |

_____
Rosemarie Paine